B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

**PLAINTIFFS**

**DEFENDANTS**

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
- ☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor        ☐ Other
- ☐ Trustee

**PARTY** (Check One Box Only)
- ☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor        ☐ Other
- ☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

---

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11 - Recovery of money/property - § 542 turnover of property
- ☐ 12 - Recovery of money/property - § 547 preference
- ☐ 13 - Recovery of money/property - § 548 fraudulent transfer
- ☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
- ☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61 - Dischargeability - § 523(a)(5), domestic support
- ☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
- ☐ 63 - Dischargeability - § 523(a)(8), student loan
- ☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71 - Injunctive relief - reinstatement of stay
- ☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01 - Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
- ☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

---

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040

B1040 (Page 2) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation
 James P. Hill, SBN 90478
 Gary B. Rudolph, SBN 101921
600 B Street, Suite 1700
San Diego, California 92101
Telephone:  (619) 233-4100
Fax Number: (619) 231-4372

**Electronically Filed: 12/12/2018**

Attorneys for Plaintiff, Ronald E. Stadtmueller, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | CASE NO. 16-01709-LA7 |
| QUALITY DISCOUNT ICE CREAM DISTRIBUTORS, INC., | Chapter 7 |
| Debtor. | Adv. Pro. No. |
| RONALD E. STADTMUELLER, Chapter 7 Trustee | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND INSIDER PREFERENTIAL TRANSFERS; RECOVERY OF USURIOUS INTEREST PAYMENTS; UNFAIR BUSINESS ACT; AND MONEY HAD AND RECEIVED** |
| Plaintiff, | |
| v. | |
| DORIS CHENG, | |
| Defendant | |
| | Dept.:2 Hon. Louise DeCarl Adler |

COMES NOW, plaintiff, Ronald E. Stadtmueller ("Plaintiff" or "Trustee"), the Chapter 7 Trustee of the bankruptcy estate of Quality Discount Ice Cream Distributors, Inc. ("debtor" or "QDIC"), and alleges as follows:

### I.

### PARTIES

1.      On March 29, 2016 ("Petition Date"), an involuntary petition under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 <u>et seq.</u>) was filed against QDIC.

The debtor contested the involuntary bankruptcy petition. On October 6, 2016, with the debtor's consent, the Court entered an order for relief under Chapter 11[1] pursuant to Section 303(h). On August 23, 2017, the Chapter 11 case was converted to the instant Chapter 7 case, and Ronald E. Stadtmueller was appointed interim Chapter 7 trustee. Plaintiff became permanent trustee at the first meeting of creditors held September 20, 2017.

2.      Plaintiff is informed and believes and thereon alleges that defendant Doris Cheng ("Defendant") is an individual who resides in the County of San Diego, State of California. Pursuant to Statement of Financial Affairs question 4.1, the debtor identified payment of $319,800 to Defendant during the month of March 2015 and that Defendant is an insider of the debtor.

## JURISDICTION

3.      The Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334; General Order 312-E of the United States District Court, Southern District of California; Bankruptcy Rules 3007 and 7001(1); and Sections 544, 548, and 550.

4.      This adversary proceeding arises under the Bankruptcy Code and is related to the Chapter 7 case now pending before this Court, In re Quality Discount Ice Cream Distributors, Inc., case no. 16-01709-LA7.  Venue is proper pursuant to 28 U.S.C. § 1409.

5.      The Court may hear and determine this proceeding and enter appropriate orders and judgments pursuant to 28 U.S.C. §§ 157(b)(1) and (2).  This proceeding is a core proceeding as set forth, *inter alia*, in 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (H), and (O).

6.      Pursuant to Bankruptcy Rule 7008, Plaintiff consents to the entry of final

---

[1] Herein, all "Chapter" and "Section" references are to the Bankruptcy Code, all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Local Rule" references are to the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court, Southern District of California.

400766-v1                                          - 2 -

orders or judgment by the Court.  Additionally, pursuant to Local Rule 7008-1, if the Court determines this proceeding is a core proceeding, Plaintiff hereby consents to the entry of final orders or judgment by the Court.

## II.

## GENERAL ALLEGATIONS

7.    Plaintiff alleges on information and belief that during the four (4) years immediately preceding the Petition Date, in connection with a Ponzi scheme described in more detail below, Defendant lent the debtor approximately $319,890 subject to proof at the time of trial, pursuant to promissory notes executed by the debtor in favor of Defendant (the "Promissory Notes").  Plaintiff further alleges on information and belief that the interest rate on the Promissory Notes was an annual rate of interest equal to nineteen percent (19%) percent per annum.

8.    Plaintiff alleges on information and belief that during the four (4) years immediately preceding the Petition Date, after Defendant lent the above-described amounts to debtor, the debtor paid Defendant the approximate amount of $380,196.26, in interest payments pursuant to Promissory Notes, subject to proof at the time of trial. A summary of the interest payments currently known by Plaintiff, that were made by the debtor to the Defendant is attached hereto as Exhibit "A" and herein incorporated by reference.

9.    Plaintiff alleges on information and belief (1) that at the time the payments were made by the debtor to the Defendant as referenced above in paragraph 8, the debtor lacked sufficient income from the operation of its business to make the payments; (2) that the payments were made from monies lent to the debtor by other third parties; and (3) that the payments were part of a Ponzi scheme orchestrated by the debtor, since the actual source of the payments were from funds lent to the debtor by subsequent parties, as initially explained below:

A.    In the debtor's 2012 federal tax return, it reflects only one long term note payable in the amount of $752,501 despite the fact that,

on information and belief, Plaintiff alleges the debtor borrowed in excess of $1,000,000.

B.    In the debtor's 2013 federal tax return, the debtor did not disclose the existence of any long term notes payable; however in its year to date financial statements it identifies approximately $11,196,618 in long term notes payable.  Another discrepancy is that in the 2013 tax return the debtor reported gross income of approximately $23,033,221 but in its year to date financial statements it recorded gross income of approximately $12,577,657.  Further the 2013 tax return reflected net income of $9,054; yet in the year to date financials the debtor recorded a net loss of approximately $1,578,903.  Finally in the 2013 tax return the debtor identified interest payments of approximately $415,882 but recorded approximately $1,445,336 of interest payments in its year to date financial statements.

C.    In the debtor's 2014 federal tax return, it reflects gross income of $14,476,259 but recorded gross income of approximately $13,487,733 in its financial statements.  Also in the 2014 return the debtor reported a net loss of ($4,096,289) but in the 2014 year to date financials it reflected approximately ($2,764,008) as a net loss.  In the tax return interest payments of approximately $1,831,848 were reported but $1,808,337 was recorded as interest payments in the year to date financials.  Finally in the 2014 tax return it did not list any long term notes payable; however in the 2014 year to date financials, approximately $12,835,268 was listed as long term notes payable;

D.    In the debtor's 2015 federal tax return, it scheduled, for the first time, long term notes payable in the amount of $15,514,468 but

listed $14,846,479 in the 2015 financials.  Also it reported a net loss from operations in the approximate amount of ($2,180,000) in its 2015 tax return but its accounting showed a net loss of approximately ($1,800,971).  The tax return showed interest expenses of approximately $1,101,000 but the financial statements reflected $1,098,991 in interest expenses.

E.   In the debtor's 2016 federal tax return, it showed a net loss from operations in the amount of ($393,372) while the financial statements reported loss of approximately ($390,249).

10.   As demonstrated above, based on information and belief, the debtor made misrepresentations as to its financial condition and, in addition, did not have the funds from operation of its business to repay Defendant.  Plaintiff therefore alleges that the repayment to Defendant was not from operating revenue but from funds lent to the debtor by third parties.  In the debtor's bankruptcy Schedules E/F, it scheduled unsecured debt of $11,910,156 and of that amount it scheduled $11,313,156 as loans from third parties.  Plaintiff is informed and believes and thereon alleges that the funds lent to the debtor by its lender creditors were the source of repayment to Defendant and the basis of a Ponzi scheme.

### III.

### FIRST CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfers - 11 U.S.C. § 544(b) and California Civil Code §§ 3439.04(a)(1) and 3439.08)

11.   Plaintiff alleges and incorporates by reference paragraphs 1 through 10 of this complaint, inclusive, as though fully set forth hereat.

12.   Pursuant to Section 544(b)(1), Plaintiff may avoid any transfer of an interest of the debtor in property that is avoidable under applicable law by a creditor holding an unsecured claim that is allowable under Section 502 or that is not allowable only under Section 502(e).

400766-v1

13.     Pursuant to California Civil Code § 3439.04(a)(1), the payments made to Defendant as alleged in paragraph 8 constitute transfers of debtor property made with the actual intent to hinder, delay, or defraud a creditor of the debtor.

14.     Pursuant to California Civil Code § 3439.08, Plaintiff is entitled to judgment against the following:

(A) The first transferee of the asset or the person for whose benefit the transfer was made.

(B) An immediate or mediate transferee of the first transferee other than either of the following:

(i) A good faith transferee that took for value.

(ii) An immediate or mediate good faith transferee of a person described in clause (i).

15.     Plaintiff alleges on information and belief that Defendant was either an innocent investor such that Plaintiff may recover the amounts in excess of the amount Defendant lent to the debtor; or alternatively, Plaintiff alleges on information and belief that Defendant lacked good faith in making loans to the debtor and Plaintiff is entitled to recover all monies paid by the debtor to Defendant.

**IV.**

**<u>SECOND CLAIM FOR RELIEF</u>**

**(Avoidance of Fraudulent Transfers - 11 U.S.C. § 544(b) and California Civil Code §§ 3439.05 and 3439.08)**

16.     Plaintiff alleges and herein incorporates by reference paragraphs 1 through 15 of this complaint, inclusive, as though fully set forth hereat.

17.     Pursuant to California Civil Code § 3439.05, the payments made or the obligation incurred by the debtor to the Defendant are voidable as to a creditor whose claim arose before the payments were made or the obligation was incurred since the debtor made the payments or incurred the obligation without receiving a reasonably equivalent value in exchange for the payments or obligation and the debtor was insolvent at the time or the debtor became insolvent as a result of the payments or

400766-v1

obligation.

18.    Pursuant to California Civil Code § 3439.08, Plaintiff is entitled to judgment against the following:

(A) The first transferee of the asset or the person for whose benefit the transfer was made.
(B) An immediate or mediate transferee of the first transferee other than either of the following:

(i) A good faith transferee that took for value.

(ii) An immediate or mediate good faith transferee of a person described in clause (i).

19.    Plaintiff alleges on information and belief that Defendant was either an innocent investor such that Plaintiff may recover the amounts in excess of the amount Defendant lent to the debtor; or alternatively, Plaintiff alleges on information and belief that Defendant lacked good faith in making loans to the debtor and Plaintiff is entitled to recover all monies paid by the debtor to Defendant.

## V.

## THIRD CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfers – 11 U.S.C. § 544(b) and California Civil Code §§ 3439.04(a)(2) and 3439.08)**

20.    Plaintiff alleges and herein incorporates by reference paragraphs 1 through 19 of this complaint, inclusive, as though fully set forth hereat.

21.    Pursuant to California Civil Code § 3439.04(a)(2), the payments made to Defendant as alleged in paragraph 8 were made without the debtor receiving a reasonably equivalent value in exchange for the payments or obligations and the debtor either:

A.    Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

B.    Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to

pay as they became due.

22.     Pursuant to California Civil Code § 3439.08, Plaintiff is entitled to judgment against the following:

(A) The first transferee of the asset or the person for whose benefit the transfer was made.

(B) An immediate or mediate transferee of the first transferee other than either of the following:

(i) A good faith transferee that took for value.

(ii) An immediate or mediate good faith transferee of a person described in clause (i).

23.     Plaintiff alleges on information and belief that Defendant was either an innocent investor such that Plaintiff may recover the amounts in excess of the amount Defendant lent to the debtor; or alternatively, Plaintiff alleges on information and belief that Defendant lacked good faith in making loans to the debtor and Plaintiff is entitled to recover all monies paid by the debtor to Defendant..

## VI.

### FOURTH CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfers – 11 U.S.C. §§ 548(a)(1)(A) and 550)**

24.     Plaintiff alleges and incorporates by reference paragraphs 1 through 23 of this complaint, inclusive, as though fully set forth hereat.

25.     Pursuant to Section 548(a), the payments or obligations to Defendant were made with the actual intent to hinder, delay, or defraud an entity to which the debtor was or became indebted on or after the date such payments or obligation incurred.

26.     Pursuant to Section 550, Plaintiff may avoid the payments alleged in paragraph 8 and recover from Defendant, for the benefit of the estate, the property transferred from the initial transferee of such transfers or the entity for whose benefit such transfers were made, or any immediate or mediate transferee of such initial transferee.

27.  Plaintiff alleges on information and belief that Defendant was either an innocent investor such that Plaintiff may recover the amounts in excess of the amount Defendant lent to the debtor; or alternatively, Plaintiff alleges on information and belief that Defendant lacked good faith in making loans to the debtor and Plaintiff is entitled to recover all monies paid by the debtor to Defendant.

## VII.

## FIFTH CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfers – 11 U.S.C. §§ 548(a)(1)(B) and 550)

28.  Plaintiff alleges and incorporates by reference paragraphs 1 through 27 of this complaint, inclusive, as though fully set forth hereat.

29.  Pursuant to Section 548(a)(1)(B), in making the payments to Defendant as alleged in paragraph 8, the debtor received less than a reasonably equivalent value in exchange for the transfers or obligation and

    A.  was insolvent on the date such transfers were made or such obligation was incurred or became insolvent as a result of such transfers or obligation;

    B.  was engaged in business or a transaction, or was about to engage in business or a transaction for which any property remaining with the debtor was an unreasonably small capital;

    C.  intended to incur, or believe that the debtor would incur debts that would be beyond the debtor's ability to pay as such debts matured; or

    D.  made such transfers to or for the benefit of an insider or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

30.  Pursuant to Section 550, Plaintiff may avoid the payments alleged in paragraph 8 and recover from Defendant, for the benefit of the estate, the property transferred from the initial transferee of such transfer or the entity for whose benefit

400766-v1

such transfer was made, or any immediate or mediate transferee of such initial transferee.

31.    Plaintiff alleges on information and belief that Defendant was either an innocent investor such that Plaintiff may recover the amounts in excess of the amount Defendant lent to the debtor; or alternatively, Plaintiff alleges on information and belief that Defendant lacked good faith in making loans to the debtor and Plaintiff is entitled to recover all monies paid by the debtor to Defendant.

**VIII.**

**SIXTH CLAIM FOR RELIEF**

**(Avoidance of Insider Preferential Transfers – 11 U.S.C. §547)**

32.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31 of this complaint, inclusive, as though fully set forth hereat.

33.    Plaintiff is informed and believes and thereon alleges that Defendant is an insider of the debtor in that such Defendant constitutes either a director of the debtor; officer of the debtor; person in control of the debtor; partnership in which the debtor is a general partner; general partner of the debtor; or relative of a general partner, director, officer, or person in control of the debtor.

34.    Plaintiff is informed and believes and thereon alleges that within one (1) year of the bankruptcy filing the debtor paid Defendant approximately $319,800, subject to proof at trial.  Pursuant to Section 547, Plaintiff is informed and believes and thereon alleges that the payments made to Defendant was to or for the benefit of creditors; on account of an antecedent debt owed before the payments were made; were made while the debtor was insolvent; and enabled the Defendant to receive more than she would if the case were converted under Chapter 7 and (i) the payments had not been made and (ii) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

35.    Pursuant to Section 550, Plaintiff may avoid the payments alleged in paragraph 8, and recover from Defendant, for the benefit of the estate, the property

transferred from the initial transferee of such transfer or the entity for whose benefit such transfer was made or any immediate or mediate transferee of such initial transferee.

## IX.

## SEVENTH CLAIM FOR RELIEF

### (California Usury Law)

36.     Plaintiff alleges and herein incorporates by reference paragraphs 1 through 35 of this complaint, inclusive, as though fully set forth hereat.

37.     Plaintiff alleges on information and belief that that some or all of the payments as alleged in paragraph 8 were made pursuant to a loan or other type of borrowing arrangement between the debtor and Defendant, and that some or all of the payments were for interest in excess of the statutory maximum of ten percent (10%) per annum in a transaction where the loan and all interest thereon were repayable by debtor.  Plaintiff further alleges on information and belief that Defendant entered into the referenced loan(s) and/or borrowing arrangement(s) with the conscious and voluntary intent to receive interest greater than the maximum legal rate thereof.

38.     Therefore the payments to Defendant were for interest at a rate in excess of the statutory maximum of ten percent (10%) per annum and were usurious under the laws of the State of California, to wit the California Constitution, Article XV Section 1.

39.     Accordingly, Plaintiff is entitled to recover all payments it paid to Defendant.

40.     Additionally, pursuant to California Civil Code § 1916-3, Plaintiff is entitled to treble the amount of all monies paid to Defendant within the one (1) year immediately preceding the Petition Date.

/ / /

/ / /

/ / /

## X.

### EIGHTH CLAIM FOR RELIEF

#### (Common Count – Money Had and Received)

41.    Plaintiff alleges and incorporates by reference paragraphs 1 through 40 of this complaint, inclusive, as though fully set forth hereat.

42.    Within four (4) years of the date of the bankruptcy filing, the debtor paid Defendant the approximate amount of $380,196.26 in interest payments pursuant to Promissory Notes which were void since they contained illegal usurious interest rates. Usurious lenders are entitled to no payments of interest.  And no payments of principal were due or made.  The approximate amount paid to Defendant by the debtor is identified in Exhibit "A" attached hereto.

43.    Defendant is indebted to Plaintiff in the amount of $380,196.26 for money had and received by Defendant pursuant to illegal interest payments on the Promissory Notes and to which Defendant had no legal right as the funds paid to Defendant were part of the Ponzi Scheme, as described herein.

44.    As result thereof, Plaintiff is entitled to repayment from Defendant in the amount of $380,196.26 in order to prevent Defendant from being unjustly enriched.

45.    Additionally, pursuant to common law, since Defendant was a party to an illegal contract, Plaintiff can recover the usurious interest Defendant had and received within two (2) years of the date the bankruptcy was filed.

## XI.

### NINTH CLAIM FOR RELIEF

#### (Unfair Business Act or Practice – California Business and Professions Code §17200)

46.    Plaintiff alleges and herein incorporates by reference paragraphs 1 – 45 of this complaint, inclusive, as though fully set forth hereat.

47.    Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair" or "fraudulent"

business practice.

48.     Section 17200 specifically prohibits any "unlawful. . . business act or practice."  By lending the debtor monies pursuant to Promissory Notes which contained void and illegal usurious interest rates and which were part of the Ponzi Scheme alleged herein, Defendant engaged in an unlawful act or practice. Such conduct was unlawful under the California Constitution, Article XV Section 1.  It was also unlawful under California Civil Code §§ 3439.04(a)(1) and 3439.08 and the California Common Law.

49.     Section 17200 also prohibits any "unfair. . . business act or practice." Defendant engaged in the unfair business practice of entering into an illegal and unfair Ponzi scheme, entering into usurious contracts, and receiving "interest" payments which were really funds loaned by other Ponzi Scheme participants.

50.     Defendant's business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this State. Further, any justifications for Defendant's wrongful conduct are outweighed by the adverse effects of such conduct. Thus, Defendant engaged in unfair business practices prohibited by the UCL.

51.     As a direct and proximate result of Defendant's wrongful, unfair and unlawful business practices, Plaintiff has lost money and suffered an unavoidable injury in fact, and Defendant has improperly received payments in the approximate amount of $380,196.26, as set forth in Exhibit "A." Pursuant to section 17203 of the Business and Professions Code, such sums should be disgorged from the Defendant and restored to Plaintiff.  Once all improperly made interest payments are returned, Defendant may be entitled to a pro rata distribution relating to the principal.

## **PRAYER**

WHEREFORE, Plaintiff respectfully requests the entry of judgment as follows:

## **FIRST CLAIM FOR RELIEF**

1.     For determination that the transfers may be avoided and for recovery

from Defendant, the entity for whose benefit the transfers were made, or any immediate or mediate transferee of Defendant, of property, or the value of such property in the approximate amount of $380,196.26 subject to proof at trial together with interest as allowed by law from the date of each transfer.

2.    For such other and further relief as this Court may deem necessary and proper.

### SECOND CLAIM FOR RELIEF

1.    For determination that the transfers may be avoided and for recovery from Defendant, the entity for whose benefit the transfers were made, or any immediate or mediate transferee of Defendant, of property, or the value of such property in the approximate amount of $380,196.26 subject to proof at trial together with interest as allowed by law from the date of each transfer.

2.    For such other and further relief and fees and costs as this Court may deem necessary and proper.

### THIRD CLAIM FOR RELIEF

1.    For determination that the transfers may be avoided and for recovery from Defendant, the entity for whose benefit the transfers were made, or any immediate or mediate transferee of Defendant, of property, or the value of such property in the approximate amount of $380,196.26 subject to proof at trial together with interest as allowed by law from the date of each transfer.

2.    For such other and further relief and fees and costs as this Court may deem necessary and proper.

### FOURTH CLAIM FOR RELIEF

1.    For determination that the transfers may be avoided and for recovery from Defendant, the entity for whose benefit the transfers were made, or any immediate or mediate transferee of Defendant, of property, or the value of such property in the approximate amount of $380,196.26 subject to proof at trial together with interest as allowed by law from the date of each transfer.

2.     For such other and further relief and fees and costs as this Court may deem necessary and proper.

## FIFTH CLAIM FOR RELIEF

1.     For determination that the transfers may be avoided and for recovery from Defendant, the entity for whose benefit the transfers were made, or any immediate or mediate transferee of Defendant, of property, or the value of such property in the approximate amount of $380,196.26 subject to proof at trial together with interest as allowed by law from the date of each transfer.

2.     For such other and further relief and fees and costs as this Court may deem necessary and proper.

## SIXTH CLAIM FOR RELIEF

1.     For determination that the transfers may be avoided and for recovery from Defendants, the entity for whose benefit the transfers were made, or any immediate or mediate transferee of Defendants, of property, or the value of such property in the approximate amount of $380,196.26 subject to proof at trial together with interest as allowed by law from the date of each transfer.

2.     For such other and further relief and fees and cots as this Court may deem necessary and proper.

## SEVENTH CLAIM FOR RELIEF

1.     That Plaintiff be awarded the amount of all usurious interest payments paid to Defendant and treble the amount of all usury interest payments to Defendant paid within the one (1) year immediately preceding the Petition Date, in an amount subject to proof at trial, plus interest thereon.

2.     For such other and further relief and fees and costs as deemed necessary and proper by this Court.

## EIGHTH CLAIM FOR RELIEF

1.     For repayment to Plaintiff of $380,196.26, which is the amount of money Defendant had and received as set forth in Exhibit "A".

2.     For repayment of the usurious interest payments Defendant had and received within two (2) years of the date the bankruptcy was filed.

3.     For such other and further relief and fees and costs as this Court may deem necessary and proper.

### NINTH CLAIM FOR RELIEF

1.     That Defendant be ordered to disgorge and Plaintiff be awarded in restitution the approximate amount of $380,196.26 as a result of Defendant's violations of California Business and Professions Code §17200.

2.     For such other and further relief and fees and costs as this Court may deem necessary and proper.

Dated: December 12, 2018                SULLIVAN HILL REZ & ENGEL
                                        A Professional Law Corporation


                                        By:     _____*/s/Gary B. Rudolph*_____
                                                James P. Hill
                                                Gary B. Rudolph
                                                Attorneys for Plaintiff, Ronald E.
                                                Stadtmueller, Chapter 7 Trustee

1

2

## EXHIBIT TABLE

3

4

| Exhibit | Description | Pages |
|---------|-------------|-------|
| A | Summary of Payments | 18-19 |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

| Number | BegDoc | Doc Date | Payee | Amount |
|---|---|---|---|---|
| 1 | JPMC001531 | 4/4/2012 0:00 | Doris Cheng | $306.26 |
| 2 | JPMC004181 | 1/9/2015 0:00 | Doris Cheng | $50,000.00 |
| 3 | JPMC004197 | 3/30/2015 0:00 | Doris Cheng | $329,890.00 |
| | | | | |
| | | | | **$380,196.26** |